[No. S056839. Aug. 18, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
TYRONE CRAIG DOTSON, Defendant and Appellant.

COUNSEL

Charlotte E. Costan, under appointment by the Supreme Court, for Defendant and Appellant.

Stephen B. Bedrick as Amicus Curiae on behalf of Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey, Sanjay T. Kumar, Pamela C. Hamanaka, Jaime L. Fuster and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BROWN, J.—Under the three strikes law, a trial court must sentence a defendant with two or more qualifying prior felony convictions to an indeterminate life term with the minimum term calculated as the "greater" of three options. The last of these three options is calculated, as relevant here, by adding to the term for the current offense the terms for applicable enhancements. (Pen. Code, § 1170.12, subd. (c)(2)(A)(iii).)[1] ▆▆▆ The issue in this case is whether, when a defendant is sentenced under this third option, and his current conviction is for a serious felony, the trial court must also impose a separate determinate term for enhancements under section 667, subdivision (a). The Court of Appeal concluded the enhancements should not be added as a separate determinate term. We disagree, and therefore reverse its judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

On December 16, 1994, at approximately 11:30 p.m., defendant Tyrone Craig Dotson broke into the home of Victoria Patterson, who was home

---

[1] All statutory references are to the Penal Code, and all references to subdivision or subdivisions are to subdivisions of section 1170.12, unless otherwise indicated.

alone. She locked herself in a bathroom and cried out to her son David, who lived next door. Defendant left the home and was chased by David and several of his friends. He was apprehended by police on December 17 at 12:45 a.m.

Defendant was found guilty of first degree burglary. (§§ 459, 460, subd. (a).) The trial court found true the allegation that he had suffered four prior serious felony convictions within the meaning of subdivision (b): a 1981 conviction for residential burglary (§ 459), a 1983 conviction for voluntary manslaughter (former § 192, subd. 1, now § 192, subd. (a)), a 1986 conviction for attempted murder (§§ 664, 187), and a 1986 conviction for residential burglary (§ 459). These were also prior serious felony convictions within the meaning of section 667, subdivision (a). The trial court imposed a six-year upper term for the burglary. Defendant's sentence under the three strikes law was calculated by adding this six years to the four 5-year prior serious felony conviction enhancements for a minimum indeterminate term of twenty-six years to life. (Subd. (c)(2)(A)(iii).)[2] The trial court did not impose a separate determinate term of 20 years for the four 5-year enhancements. In response to the prosecutor's motion, the trial court dismissed the prior prison term allegations. (§ 667.5, subd. (b).)

The Court of Appeal modified the judgment in certain respects not relevant to the issue here; as modified, the judgment was affirmed.

We granted the Attorney General's petition for review.

## II. DISCUSSION

In November 1994, California voters adopted Proposition 184, their version of the three strikes law. This proposition was codified as section 1170.12. "In general, the legislation provides longer sentences for certain prior serious or violent felonies popularly denoted 'strikes.' A 'two strike' case involves one prior qualifying felony; a 'three strike' case involves two or more prior qualifying felonies." (*People* v. *Hazelton* (1996) 14 Cal.4th 101, 104 [58 Cal.Rptr.2d 443, 926 P.2d 423].) Predicate prior felonies are defined in subdivision (b) as: "(1) Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state. . . . [¶] . . . [¶] (2) A conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison . . . [and] includes

---

[2]The relevant portions of the initiative version of the three strikes law adopted by the voters in November 1994 (§ 1170.12), and the legislative version (§ 667, subds. (b)-(i)), are virtually identical.

all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7. [¶¶ (3) [Certain] prior juvenile adjudication[s] . . . ." "The statute's unambiguous purpose is to provide greater punishment for recidivists. (§ 667, subd. (b).)" (*People* v. *Davis* (1997) 15 Cal.4th 1096, 1099 [64 Cal.Rptr.2d 879, 938 P.2d 938].)

■ Under the three strikes law, a trial court must sentence a defendant with two or more qualifying prior felony convictions or strikes to an indeterminate term of life imprisonment. These defendants "become eligible for parole on a date calculated by reference to a 'minimum term.' " (*People* v. *Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 506 [53 Cal.Rptr.2d 789, 917 P.2d 628].) This minimum term of the indeterminate sentence is the "greater" of three options. (Subd. (c)(2)(A)(i)-(iii).)[3] Under the first option (option (i)), the defendant's minimum indeterminate term is calculated by tripling "the term otherwise provided as punishment" for the current conviction. (Subd. (c)(2)(A)(i).) Here, defendant was sentenced to six years for first degree burglary; hence his term under option (i) would be eighteen years. Option (i) generally is the "greate[st]" option of the three when the current crime is particularly serious, and thus carries a significant sentence.

Option (ii) is 25 years. (Subd. (c)(2)(A)(ii).) While the terms under options (i) and (iii) will vary from case to case, option (ii) essentially acts as a default to ensure that the defendant's indeterminate term will always be a minimum of 25 years. Thus, had defendant been sentenced under option (ii), his indeterminate term would be a minimum of 25 years.

---

[3]Section 1170.12 provides in relevant part:

"(c) For purposes of this section, and in addition to any other enhancements or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction:

"(1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction.

"(2)(A) If a defendant has two or more prior felony convictions, as defined in paragraph (1) of subdivision (b), that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of

"(i) three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions, or

"(ii) twenty-five years or

"(iii) the term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046.

"(B) The indeterminate term described in subparagraph (A) of paragraph (2) of this subdivision shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law. Any other term imposed subsequent to any indeterminate term described in subparagraph (A) of paragraph (2) of this subdivision shall not be merged therein but shall commence at the time the person would otherwise have been released from prison."

Under option (iii), the defendant's minimum indeterminate term is calculated, as relevant in this case, by adding applicable enhancements to the term selected for the current conviction. (Subd. (c)(2)(A)(iii).) Here, defendant was sentenced to a term of six years for the current burglary conviction and had four 5-year prior serious felony conviction enhancements within the meaning of section 667, subdivision (a) (section 667(a)). Adding these together, his minimum indeterminate term under option (iii) was 26 years. Option (iii) is therefore the "greater" of the three options in this case. Generally, option (iii) will be the "greate[st]" sentence when the defendant has an extensive criminal recidivist history, and hence there are numerous applicable enhancements.

Under section 667(a),[4] when the defendant is convicted of a current serious felony within the meaning of section 1192.7, subdivision (c), and has been previously convicted of a serious felony, the trial court must impose a five-year enhancement for each such prior conviction that was brought and tried separately. The terms of the present offense and each section 667(a) enhancement must run consecutively. (§ 667(a)(1).) ▮ The issue in this case is whether when, as here, a defendant is sentenced for a current serious felony under option (iii), which is calculated by adding the applicable enhancements to the term for the current offense, the trial court must then also impose a separate determinate term under section 667(a) for those enhancements attributable to the defendant's prior serious felony convictions.[5] If so, because defendant has 4 such prior convictions, his sentence in this case would be an indeterminate term of 26 years to life, consecutive to a determinate term of 20 years for the enhancements. (Subd. (c)(2)(B); § 669.)

---

[4]Section 667(a) provides, and at the time of defendant's crimes provided, in relevant part:

"(a)(1) [A]ny person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

"(2) This subdivision shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. . . .

". . . . . . . . . . . . . . . . . . . . . . . .

"(4) As used in this subdivision, 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7."

[5]Under option (iii), the trial court looks to "the term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046." (Subd. (c)(2)(A)(iii).) Section 667(a) is included in those enhancements "commencing with Section 1170" by virtue of section 1170.1, subdivisions (d) and (f). On June 30, 1993, section 1170.1, subdivision (d), provided in relevant part, "When the court imposes a prison sentence for a felony pursuant to Section 1170 the court shall also impose the additional terms provided in Section[] 667 . . . ." (Ballot Pamp., text of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 65.) Section 1170.1, subdivision (f), provided in relevant part, "The

▆▆▆▆ Not surprisingly, the Attorney General argues the enhancements should be imposed;[6] defendant argues they should not. "[O]ur primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure." (*In re Littlefield* (1993) 5 Cal.4th 122, 130 [19 Cal.Rptr.2d 248, 851 P.2d 42].) If "the terms of a statute provide no definitive answer, then courts may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history." (*People* v. *Coronado* (1995) 12 Cal.4th 145, 151 [48 Cal.Rptr.2d 77, 906 P.2d 1232].)

A. *Application of Section 667(a) Enhancements to Options (i) and (ii)*

▆ The Attorney General asserts "it is well-settled that a separate determinate term is imposed for the enhancements under options (i) and (ii)." Therefore, the Attorney General argues that not imposing enhancements under option (iii) would be inconsistent with language in section 1170.12 pertaining to all three options, and would lead to anomalous results. Defendant contends that the Attorney General's underlying premise is incorrect, and that enhancements are not imposed in addition to the indeterminate terms of options (i) and (ii). We therefore turn first to this issue.

We begin with the language of the statute. Subdivision (c) provides that the indeterminate life term must be imposed "in addition to any other enhancements or punishment provisions which may apply." This language clearly prescribes that terms of enhancement, including the five-year enhancement under section 667(a), be imposed in addition to the indeterminate term. "It is difficult to interpret the language of the statute in any other manner." (*People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 568 [39 Cal.Rptr.2d 374]; see also *People* v. *Nelson* (1996) 42 Cal.App.4th 131, 136 [49 Cal.Rptr.2d 361] [second strike; "Section 667 thus requires the doubling of the base term when there is a prior serious felony, and since such sentence is to be 'in addition to any other enhancement,' also requires the addition of

---

enhancements provided in Section[] 667 . . . shall be pleaded and proven as provided by law." The current language of section 1170.1, subdivisions (d) and (f), is virtually identical. Section 667(a) is also a "period prescribed by Section 190 or 3046." (Subd. (c)(2)(A)(iii); see *People* v. *Jenkins* (1995) 10 Cal.4th 234, 250-251 [40 Cal.Rptr.2d 903, 893 P.2d 1224] [section 3046 includes section 667(a) enhancements].)

[6]In the trial court, the prosecutor requested that the 26-year sentence be imposed, and did not argue, as the Attorney General does now, that the enhancements should be imposed as a separate determinate term. A claim that a sentence is unauthorized, however, may be raised for the first time on appeal, and is subject to judicial correction whenever the error comes to the attention of the reviewing court. (*People* v. *Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040]; *In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13]; *People* v. *Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 65, 512 P.2d 289], disapproved of on other grounds in *People* v. *Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1 [189 Cal.Rptr. 855, 659 P.2d 1144].)

five years for any section 667, subdivision (a)(1) enhancement."]; *People* v. *Cartwright* (1995) 39 Cal.App.4th 1123, 1138-1139 [46 Cal.Rptr.2d 351] [third strike, option (ii); ". . . Legislature intended a defendant's sentence under the three strikes law should include a doubled term or life term, as appropriate under section 667, subdivision (e), plus an enhancement under section 667, subdivision (a) for each prior serious felony conviction."].)

In addition, subdivision (c)(2)(B) provides in part that "[t]he indeterminate term described in subparagraph (A) of paragraph (2) of this subdivision shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law." We have recently construed the language "any other term" in section 667, subdivision (e)(2)(B) (which is virtually identical to subdivision (c)(2)(B)), to refer to a term other than the sentence for the current offense, such as a term of enhancement or other punishment provision. (*People* v. *Hendrix* (1997) 16 Cal. 4th 508, 515 [66 Cal.Rptr.2d 431, 941 P.2d 64].)

Moreover, defendant's construction fails to appreciate a significant distinction between section 1170.12 and section 667(a). Under section 1170.12, the defendant's current felony need not be "serious" for the three strikes law to apply. (Subd. (a).) Under section 667(a), however, the current felony offense must be "serious" within the meaning of section 1192.7, subdivision (c), for the five-year enhancement to apply. (See *ante*, p. 553, fn. 4.) Thus, if we concluded that section 667(a) enhancements are not added as a separate determinate term under subdivision (c)(2)(A), a recidivist who committed a serious third strike felony would receive the same sentence as a recidivist who committed a *non*serious third strike felony. (See *People* v. *Ramirez*, *supra*, 33 Cal.App.4th at p. 571 ["It is certainly appropriate to punish more harshly those convicted of new serious felonies."].)

Defendant asserts, however, that a separate determinate term for section 667(a) enhancements may not be added because section 667(a) by its terms does not apply "when the punishment imposed under other provisions of law would result in a longer term of imprisonment." (§ 667(a)(2).) Defendant contends that "[t]he 26-year-to-life term imposed upon [defendant] in this case *is* a longer term."

We disagree. In *People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163], on which defendant relies, we construed the predecessor to section 667(a)(2) to mean, "when multiple statutory *enhancement* provisions are available for the same prior offense, one of which is a section 667[a] enhancement, the greatest enhancement, but only that one, will apply." (5 Cal.4th at p. 1150, italics added.)

Here, however, neither subdivision (c)(2)(A), nor an indeterminate life term imposed thereunder, is a sentence enhancement. (See *People* v. *Jenkins*, *supra*, 10 Cal.4th at pp. 241, 254 [§ 667.7, which requires certain recidivists be punished with a life term, not a sentence enhancement]; Cal. Rules of Court, rule 405(c) [an enhancement is "an additional term of imprisonment added to the base term"].) Rather, subdivision (c)(2)(A) prescribes a method by which defendant's minimum indeterminate life term is calculated. (*People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th at p. 524 ["The Three Strikes law, when applicable, takes the place of whatever law would otherwise determine defendant's sentence for the current offense."]; subd. (a).) "Thus, we are not confronted with a situation presenting one or more statutory enhancement alternatives to a section 667, subdivision (a), enhancement." (*People* v. *Jenkins*, *supra*, 10 Cal.4th at p. 254.)

Defendant further asserts, without elaboration, that the language "in addition to any other enhancements or punishment provisions which may apply" in subdivision (c) "could refer to sentencing schemes other than five-year priors, for example, the sentencing scheme found in section 667.61. Accordingly, nothing in that phrase requires cumulation of the five-year enhancements for priors under section 667, subdivision (a)." To the extent defendant is suggesting that the broad language at issue somehow does not include section 667(a) enhancements, or bars cumulating these enhancements, we see no basis in the language for that interpretation.

Defendant also contends that the lack of reference in the legislative history of section 1170.12 to the imposition of section 667(a) enhancements in a three-strike case indicates that the voters did not intend to add such enhancements to the indeterminate term. At the outset, we note that the addition of a separate determinate term for enhancements appears consistent with the voters' stated intent in enacting section 1170.12, which was "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (Ballot Pamp., text of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 64; § 667, subd. (b).)

Defendant, however, relies on the Attorney General's summary of the initiative, which states in part: "Convicted felons with two or more such prior convictions would receive a life sentence with a minimum term three times the normal sentence or 25 years, whichever is greater." (Ballot Pamp., Atty. Gen. summary of Prop. 184 as presented to the voters, Gen. Elec. (Nov. 8, 1994) p. 32.) Of course, the Attorney General does not even include in this summary the third option we are addressing here, i.e., a sentence calculated by adding the term selected for the current conviction to applicable enhancements. Moreover, the entire substantive summary is only eight

lines long. (*Ibid.*) Any lack of reference to section 667(a) enhancements therefore is only marginally helpful in ascertaining voter intent regarding their application.

Defendant also asserts that the Legislative Analyst noted that a five-year enhancement would be added to the sentence for a two-strike defendant, but made no similar reference regarding the sentence for a three-strike defendant. (Ballot Pamp., analysis of Prop. 184 as presented to the voters, Gen. Elec. (Nov. 8, 1994) p. 33.) Given that the language of subdivision (c), which prescribes that the term under section 1170.12 must be imposed "in addition to any other enhancements or punishment provisions which may apply," pertains to sentencing for both two- and three-strike defendants, this excerpt appears to *support* the imposition of a separate determinate term for enhancements. (Subd. (c)(1) & (2), see *ante*, p. 552, fn. 3.) Moreover, we note that in describing the sentence for a three-strike defendant, the Legislative Analyst states that he or she would receive a "[l]ife sentence of *at least* 25 years." (Ballot Pamp., analysis of Prop. 184 as presented to the voters, Gen. Elec. (Nov. 8, 1994) p. 34, italics added.)

Finally, defendant notes that in the proponents' ballot arguments, they similarly noted that enhancements would be added to the sentence for a two-strike defendant, but made no similar reference to the sentence for a three-strike defendant. Rather, the proponents stated: "A third felony conviction, with two serious/violent prior felonies, TRIPLES the base sentence or imposes 25 years to life, whichever is greater." (Ballot Pamp., argument in favor of Prop. 184 as presented to the voters, Gen. Elec. (Nov. 8, 1994) p. 36.) Once again, the reference to enhancements for two-strike defendants supports their imposition for three-strike defendants. Moreover, as with the Attorney General's summary, this excerpt does not even reference the sentencing option at issue in this case. In addition, the fact that proponents highlighted in their brief statement the minimum indeterminate term of 25 years is not inconsistent with a conclusion that enhancements are imposed as a separate determinate term. Rather, once again, inclusion of such a term of enhancement is consistent with the voters' stated purpose in enacting the initiative.

### B. *Application of Section 667(a) Enhancements to Option (iii)*

 Having concluded that a separate determinate term of enhancement is properly imposed under options (i) and (ii), we now consider the central issue in this case, that is, whether such a term must also be imposed under option (iii). The general provisions of subdivision (c) and (c)(2)(B), which pertain to all three options and were relied on above to conclude that a

separate determinate term for enhancements was required for options (i) and (ii), contain no obvious exception for option (iii). (See *ante*, p. 552, fn. 3.) Indeed, as the Attorney General asserts, an interpretation of option (iii) that does not require a separate determinate term for enhancements would be inconsistent with the language in subdivision (c) and (c)(2)(B).

Moreover, we agree with the Attorney General that a failure to add enhancements to the sentence imposed under option (iii) would create anomalous results. To illustrate, suppose Defendant A (like defendant in this case) has four prior serious felony convictions and a current offense of first degree burglary with an upper term of six years. Under option (i), defendant would be sentenced to 18 years, or 3 times the term otherwise provided for the current offense. Under option (ii), he would receive 25 years. Under option (iii), adding the six years and the four 5-year enhancements, he would receive twenty-six years. Thus, as in this case, option (iii) is the "greater" minimum indeterminate life term. However, under defendant's interpretation, Defendant A does not receive a separate determinate term for enhancements of 20 years.

Suppose also that Defendant B, who has only three prior serious felony convictions, committed the same first degree burglary, and was also sentenced to six years. Under option (i), Defendant B would be sentenced to 18 years, or 3 times the term otherwise provided for the current offense. Under option (ii), he would receive 25 years. Under option (iii), adding the six years and the three 5-year enhancements, he would receive twenty-one years. Thus, option (ii) is the "greater" minimum indeterminate life term. However, under option (ii), a separate determinate term of fifteen years is imposed, thereby causing Defendant B, who has only *three* prior serious felony convictions, to have a substantially longer overall prison term than Defendant A, who has *four* prior serious felony convictions. Accordingly, such a result would reward those defendants with more egregious recidivist histories who would most often fall within option (iii), and seemingly be inconsistent with the electorate's intent in enacting section 1170.12, which was "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses." (Ballot Pamp., text of Prop. 184, Gen. Elec. (Nov. 8, 1994) p. 64; § 667, subd. (b).) Defendant in effect claims that by committing one additional prior serious felony, he has spared himself many additional years of incarceration. While defendant asserts that there are no absurd results if a separate determinate term for enhancements is not added to any of the indeterminate terms, we have already rejected the claim that enhancements are not added to options (i) and (ii).

In the alternative to his argument that enhancements are not added as a separate determinate term to options (i)-(iii), defendant asserts, relying on

*People* v. *Ingram* (1995) 40 Cal.App.4th 1397 [48 Cal.Rptr.2d 256], that even if enhancements are added to options (i) and (ii), the language of subdivision (c) and (c)(2)(A) precludes their addition to option (iii). In *Ingram*, the court concluded enhancements must be imposed in addition to the sentence under option (i) or (ii). (40 Cal.App.4th at p. 1410.) It also stated in dicta, "Because the court must first determine the longest minimum term under either option (i), (ii) or (iii), if it finds the longest term is provided by option (iii) by including enhancements, there are no 'other enhancement or punishment provisions' to add to the minimum term." (*Ibid.*, italics omitted; § 667, subd. (e); subd. (c).)

Such an analysis misconstrues the role of enhancements in calculating the sentence under option (iii). Under this option, enhancements are added to the sentence for the current offense *as a means of calculating the minimum indeterminate life term.* They are not "an additional term of imprisonment added to the base term." (Cal. Rules of Court, rule 405(c).) Likewise, tripling the term otherwise provided as punishment for the current offense under option (i) is not an enhancement, but merely a means of calculating the minimum indeterminate life term. Once the minimum indeterminate term is calculated, "other enhancements or punishment provisions," such as section 667(a) enhancements, are added as a separate determinate term to the indeterminate term under options (i), (ii), and (iii). (Subd. (c).)

Contrary to defendant's contentions, such a conclusion is not inconsistent with *People* v. *Jenkins, supra,* 10 Cal.4th 234. In *Jenkins,* we held that when a prior serious felony conviction enhancement was used in determining the minimum period of imprisonment for a life term pursuant to section 667.7,[7] a consecutive term for the enhancement was not imposed. (10 Cal.4th at p. 253.) We stated, "[n]othing in [section 667.7] suggests that the Legislature intended that those same enhancements be used again to add an additional term of imprisonment onto the life term." (10 Cal.4th at p. 253, italics omitted.)

As the Attorney General observes, this rationale does not apply to the three strikes law. Unlike section 667.7, section 1170.12, subdivision (c), expressly states that the indeterminate life term is imposed "in addition to

---

[7]Section 667.7, as construed in *People* v. *Jenkins, supra,* 10 Cal.4th at page 242, footnote 4, provided in relevant part:

"(a)(1) A person who served two prior separate prison terms shall be punished by imprisonment in the state prison for life and shall not be eligible for release on parole for 20 years, or the term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement applicable under Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, or any period prescribed by Section 190 or 3046, whichever is greatest."

any other enhancements or punishment provisions which may apply." In addition, subdivision (c)(2)(B) clearly states that the indeterminate term "shall be served consecutive to any other term of imprisonment for which a consecutive term may be imposed by law." Accordingly, unlike section 667.7, the three strikes law expressly subjects a defendant to a separate determinate term for enhancements, even when those enhancements are used in calculating the minimum indeterminate life term.

Defendant also asserts that imposition of a separate determinate term for enhancements under option (iii) violates the multiple punishment proscription of section 654. We disagree. As we have already stated, neither subdivision (c)(2)(A), nor an indeterminate life term imposed thereunder, is a sentence enhancement. Consequently, by imposing a separate determinate term for the section 667(a) enhancements under option (iii), the sentence is enhanced only once. (See *People* v. *Martin* (1995) 32 Cal.App.4th 656, 668, fn. 7 [38 Cal.Rptr.2d 776].)

## CONCLUSION

The judgment of the Court of Appeal is reversed, and the court is directed to remand the case to the trial court for resentencing in conformance with this opinion.[8]

George, C. J., Mosk, J., Kennard, J., Baxter, J., Werdegar, J. and Chin, J., concurred.

---

[8]*People* v. *Ingram, supra,* 40 Cal.App.4th 1397, is disapproved to the extent it is inconsistent with this opinion.