Filed 6/4/13  P. v. Davis CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F064698 |
| Plaintiff and Respondent, | (Super. Ct. No. VCF235804) |
| v. | |
| DAMIEN LEE DAVIS, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Darryl B. Ferguson, Judge.

Gregory Chappel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Kane, J. and Franson, J.

A jury convicted appellant, Damien Lee Davis, of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[1] and found true allegations that in committing that offense, appellant personally used a deadly weapon (§ 12022, subd. (b)(1)) and personally inflicted great bodily injury (§ 12022.7, subd. (a)).  In a separate proceeding, the court found true a prior prison term enhancement allegation (§ 667.5, subd. (b)) and allegations that appellant had suffered six prior felony convictions, each of which qualified as a "strike"[2] and as a prior serious felony conviction within the meaning of section 667, subdivision (a) (section 667(a)).  The court imposed a prison term of 47 years to life.

Appellant argues (1) the evidence was insufficient to establish the truth of two of the strike allegations and two of the section 667(a) prior serious felony enhancement allegations, and (2) the court erred in calculating appellant's sentence under section 1170.12, subdivision (c)(2)(iii).  The People concede these points.  We reverse true findings on two of the strike allegations, vacate the sentence, and remand for resentencing.

## DISCUSSION

*Sufficiency of the Evidence – Strikes*

A strike is a prior conviction of any of the felonies designated as "serious" under section 1192.7, subdivision (c) or "violent" under section 667.5, subdivision (c).  (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).)  Assault with a firearm, in violation of section 245, subdivision (a)(2) (section 245(a)(2)) is a serious felony (§ 1192.7, subd. (c)(31)), and thus a prior conviction of that offense qualifies as a strike.

---

[1]     All statutory references are to the Penal Code.

[2]     We use the term "strike" as a synonym for "prior felony conviction" within the meaning of the "three strikes" law (§§ 667, subds. (b)-(i); 1170.12), i.e., a prior felony conviction or juvenile adjudication that subjects a defendant to the increased punishment specified in the three strikes law.

2

Here, the court found true strike allegations that appellant suffered six prior convictions of assault with a firearm in Tulare County Superior Court case No. VF-39282-A (case No. 39282-A). However, as the parties agree, the record demonstrates that two of these purported strikes were actually convictions of non-strike offenses.

Documentary evidence submitted by the prosecutor to prove the strike allegations included the abstract of judgment in case No. 39282-A, which indicates appellant suffered convictions of violating 245(a)(2) in counts 2, 3, 4, 5, 6 and 10. However, the prosecutor also submitted the following documentary evidence from case No. 39282-A: the minute order of the judgment proceeding, which shows appellant was convicted, in counts 5 and 6 respectively, of "Violation of ... section 496 - Receiving stolen property" and "Violation of ... section 12020(a) ... - Short-barreled shotgun or rifle activity"; the felony complaint, which shows that "receiving stolen property, in violation of ... section 496[1]" (*sic*) and "short barreled shotgun or rifle activity, in violation of ... section 12020(a))" (unnecessary capitalization omitted) charged in counts 5 and 6, respectively; and a Department of Corrections record, which contains handwritten notations identifying the count 5 offense as a violation of "496(a) RSP" and the count 6 offense as "12010(A) Mfg/Sale/Poss."

In addition, the abstract shows that eight-month subordinate terms were imposed on each of counts 5 and 6. Unless otherwise provided by law, the determinate sentencing statute provides the subordinate term shall be one-third the middle term of imprisonment for the conviction. (§ 1170.1, subd. (a).) In 1999, the midterm for violations of former sections 496, subdivision (a) and 12020, subdivision (a) was two years, and thus a subordinate term for each those offenses would have been eight months. (Former §§ 496, subd. (a), 12020, subd. (a), 18.) The midterm for assault with a firearm, on the other hand, was and is three years, and therefore one-third of the midterm would be one year, not eight months. (§ 245(a).)

Neither receiving stolen property nor short-barreled short gun activity is listed as a serious or violent felony. (§§ 667.5, subd. (c), 1192.7, subd. (c).) We recognize offenses not otherwise listed as serious or violent felonies may nonetheless qualify as such based on the circumstances surrounding the commission of the offense. For example, serious felonies include any felony in which the defendant personally used a dangerous or deadly weapon. (§ 1192.7, subd. (c)(23).) Here, however, as appellant contends and the People concede, there is no evidence in the record that such circumstances apply to the count 5 and count 6 offenses in case No. 39282-A.

"When a defendant challenges the sufficiency of the evidence to uphold a finding that his prior convictions qualified as strikes, the test on appeal is whether a reasonable trier of fact could have found that the prosecution sustained its burden. We review the record in the light most favorable to the trial court's findings." (*People v. Towers* (2007) 150 Cal.App.4th 1273, 1277.) Here, as demonstrated above and as the parties agree, the evidence was insufficient to establish two of the prior convictions found to be strikes were in fact strikes.

### *Calculation of Sentence Under Section 1170.12, subdivision (c)(2)(iii)*

"Under the three strikes law, a trial court must sentence a defendant with two or more ... strikes to an indeterminate term of life imprisonment. These defendants 'become eligible for parole on a date calculated by reference to a "minimum term."' [Citation.] This minimum term of the indeterminate sentence is the 'greater' of three options. ([§ 1170.12,] [s]ubd. (c)(2)(A)(i)-(iii).) Under the first option (option (i)), the defendant's minimum indeterminate term is calculated by tripling 'the term otherwise provided as punishment' for the current conviction. ([§ 1170.12,] [s]ubd. (c)(2)(A)(i).) ... [¶] Option (ii) is 25 years. ([§ 1170.12, s]ubd. (c)(2)(A)(ii).) While the terms under options (i) and (iii) will vary from case to case, option (ii) essentially acts as a default to ensure that the defendant's indeterminate term will always be a minimum of 25 years.… [¶] Under option (iii), the defendant's minimum indeterminate term is calculated, as relevant in this case, by adding applicable enhancements to the term selected for the current conviction. [§ 1170.12,] [s]ubd. (c)(2)(A)(iii).)" (*People v. Dotson* (1997) 16 Cal.4th 547, 552-553, fn. omitted.)

The parties agree on the following, as do we:  The trial court calculated appellant's minimum indeterminate term under option (iii).  That calculation included five years for *each* of the *six* section 667(a) prior serious felony enhancements.[3]  However, "section 667(a)(1) provides that a defendant who is convicted of a serious felony, as defined in section 1192.7, shall receive a five-year sentence enhancement for each previous conviction for a serious felony 'on charges brought and tried separately.'  ...  '[T]he requirement in section 667 that the predicate charges must have been "brought and tried separately" demands that the underlying proceedings must have been formally distinct, from filing to adjudication of guilt.'"  (*People v. Wiley* (1995) 9 Cal.4th 580, 585.)  Here, appellant's prior serious felony enhancements did not arise out of "'formally distinct'" (*ibid.*) proceedings.  Rather, as indicated above, all six prior serious felony enhancements were based on a single case.  Thus, any calculation under option (iii) could include only five years for a single section 667(a) enhancement, not 30 years for six such enhancements.  Given this factor, calculation of the minimum indeterminate term under option (iii) would necessarily yield a term of less than 25 years.  Moreover, application of option (i) would also a yield a term of less than 25 years.  Therefore, the correct minimum indeterminate term here is 25 years, under option (ii).  The court erred in calculating appellant's minimum indeterminate term under option (iii).[4]

---

[3]     It appears the court adopted the calculation of the minimum indeterminate term of 39 years set forth in the report of the probation officer as follows:  four years on the substantive offense, three years on the great bodily injury enhancement, one year on the weapon use enhancement, five years on each of the six prior serious felony enhancements and one year on the prior prison term enhancement.  To this term, the court added eight years, consisting of, the court stated, "three years pursuant to 12022.7, plus an additional five years pursuant to 667(a)(1) …."

[4]     Appellant argues the calculation of the minimum determinate term under option (iii) was incorrect for three additional reasons.  He contends that term erroneously included the following:  (1) three years for the great bodily injury enhancement and one year for the weapon enhancement, in violation of the section 654 proscription against multiple punishments for the same act; (2) five years for each of the two prior serious felony enhancements that, as discussed earlier, were not supported by the evidence; and

**DISPOSITION**

The true findings on two of the six strike allegations are reversed, the sentence is vacated and the judgment is otherwise affirmed.  The matter is remanded to the trial court for resentencing.

---

(3) a one-year prior prison term enhancement (§ 667.5, subd. (b)) based on a prior felony conviction upon which one of the 667(a) enhancements was based.  Because we have determined that use of option (iii) was incorrect for the reasons discussed above, we need not address these claims.