Filed 6/24/13  P. v. Fonseca CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>XAVIER FONSECA,<br><br>    Defendant and Appellant. | B241882<br><br>(Los Angeles County<br> Super. Ct. No. KA096955) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steven D. Blades, Judge.  Affirmed as Modified.

Law Offices of Allen G. Weinberg and Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Michael R. Johnsen and Jonathan M. Krauss, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Defendant Xavier Fonseca appeals from the judgment entered following his conviction for lewd acts upon a child (Pen. Code,[1] § 288, subd. (c)(1)), unlawful sexual intercourse (§ 261.5, subds. (c), (d)), and oral copulation of a person under age 18 (§ 288a, subd. (b)(1)).  He contends that the court erred in imposing a $40 criminal assessment for each conviction instead of a $30 fee for each.  Further, he contends that the trial court miscalculated both his presentence custody and conduct credits.  Finally, he asserts that the matter should be remanded to the trial court to prepare an amended abstract of judgment itemizing the statutory bases for the penalty assessments imposed.  The Attorney General concedes each of these points, and we agree.  As modified, the judgment is affirmed.

# PROCEDURAL BACKGROUND

Fonseca was charged with the above sexual offenses involving his minor niece, with the first offense occurring between September and November of 2010 and the last in April or May 2011.[2]  The criminal information, alleging six counts, was filed on March 20, 2012.  On May 9, 2012, a jury convicted Fonseca of each of the six counts with which he was charged.  He was sentenced on June 7, 2012 to a total of six years four months in prison, consisting of the middle term of three years for count 2 (§ 261.5, subd. (d)), plus consecutive terms of eight months (one-third the middle term) each for count 1 (§ 288, subd. (c)(1)), count 3 (§ 261.5, subd. (c)), count 4 (§ 288a, subd. (b)(1), count 5 (§ 261.5, subd. (c)), and count 6 (§ 288a, subd. (b)(1)).  He was ordered to pay a $240 restitution fine (§ 1202.4,

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     Because the only issue on appeal relates to the calculation of fines and presentence custody credits, we do not summarize the facts of the offense.

2

subd. (b)), a $240 parole revocation fine (§ 1202.45), a $300 sexual assault fine (§ 290.3, subd. (a)) plus penalty assessments of $840 and a surcharge of 20 percent ($60), a $40 court operation assessment for each conviction (§ 1465.8, subd. (a)(1)), and a $40 criminal conviction assessment for each conviction (Gov. Code, § 70373). He was also ordered to register as a sex offender (§ 290).

The court determined Fonseca's presentence credits to be 37 days of actual custody and 5 days of conduct credit, for a total of 42 days of credit to offset his sentence.

Fonseca timely appealed.

## DISCUSSION

### I. *Criminal Conviction Assessment*

Fonseca contends, and the Attorney General concedes, that that trial court erroneously imposed a $40 criminal conviction assessment for each of the six convictions, when the proper amount is $30 for each. (Gov. Code, § 70373, subd. (a)(1) ["The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony."].) Therefore, we order the sentence corrected to reflect that the total fine under Government Code section 70373 is $180, rather than $240. (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6 [an unauthorized sentence "is subject to judicial correction whenever the error comes to the attention of the reviewing court."].)

### II. *Presentence Custody and Conduct Credits*

At sentencing, the trial court awarded Fonseca 37 days of actual custody credit plus 5 days of conduct credit, calculated at 15 percent, for a total of 42 days.

3

Fonseca challenges the calculation of both credits. The Attorney General concedes that these credits were miscalculated, and we agree.

Fonseca first contends that he should have received 39 days of actual custody credit, rather than 37. "A defendant is entitled to actual custody credit for 'all days of custody' in county jail and residential treatment facilities, including partial days. [Citations.] Calculation of custody credit begins on the day of arrest and continues through the day of sentencing." (*People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48 (*Rajanayagam*).) After Fonseca's conviction he was remanded to custody on May 9, 2012, and was sentenced on June 7, for a total span of 30 days in custody. The trial court correctly calculated 30 days in custody for that time span. However, the court miscalculated the days Fonseca had spent in custody between his arrest on February 21, 2012 and his release on bail on February 29, 2012, calculating only 7 days. Apparently the trial court did not include the date of his arrest or the day he was bailed out. Because we must include those partial days spent in custody, we calculate the time spent custody between his arrest on February 21, 2012 and his release on bail on February 29, 2012 as totaling 9 days, not 7 days. Therefore, we adjust the custody credits to 39 days, instead of 37 days.

The trial court also erred in calculating Fonseca's presentence custody credit under section 4019, which provides that a criminal defendant may earn additional presentence credit against his or her sentence for performing assigned labor (§ 4019, subd. (b)), and for complying with applicable rules and regulations (§ 4019, subd. (c)). Section 4019 been amended numerous times in recent years to alter the formula for earning credits.

Before January 25, 2010, defendants were entitled to "one-for-two" conduct credits, or two days for every four days of actual time served in presentence

custody. (Former § 4019, subd. (f), as amended by Stats. 1982, ch. 1234, § 7, pp. 4553, 4554.) Effective January 25, 2010, the Legislature amended section 4019 to accelerate the accrual of presentence conduct credit such that certain defendants earned two days of conduct credit for every two days in custody, known as "one-for-one" conduct credits. (Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50; see *Rajanayagam, supra*, 211 Cal.App.4th at p. 48.) Exempted from this amendment were registered sex offenders and defendants committed for a serious felony or who had prior serious or violent felony convictions. These defendants were subject to the pre-January 25, 2010 formula for calculating presentence credits. (Former § 4019, subds. (b)(2) & (c)(2); *People v. Kennedy* (2012) 209 Cal.App.4th 385, 395.)

Effective September 28, 2010, the Legislature again amended section 4019 for crimes committed after that date. (Stats. 2010, ch. 426, §§ 1, 2, 5.) Subdivisions (b) and (g) reinstated the less generous pre-January 25, 2010 one-for-two formula whereby all local prisoners could earn two days of conduct credit for every four days in jail. (*Rajanayagam, supra*, 211 Cal.App.4th at pp. 48-49, 51.) As to most prisoners, however, that formula was superseded by a more liberal formula provided by 2010 amendments to section 2933, subdivision (e)(1), that allowed one-for-one credits. (Stats. 2010, ch. 426, § 1.) However, the enacting statute declared that, as to certain classes of prisoners including defendants required to register as sex offenders, this formula was inapplicable, and the one-for-two formula set forth in section 4019 would continue to govern. (Former § 2933, subd. (e)(3); Stats. 2010, ch. 426, § 1.)

The statute was amended again in 2011 to provide that "a term of four days will be deemed to have been served for every two days spent in actual custody." (§ 4019, subd. (f).) The amendment was expressly made operative only as to

5

"prisoners who are confined . . . for a crime committed on or after October 1, 2011," and thus this amendment is not applicable to Fonseca. (§ 4019, subd. (h), as amended by Stats. 2011, ch. 39, § 53; see *People v. Verba* (2012) 210 Cal.App.4th 991, 993-994.)

Fonseca's first offense occurred between September and November of 2010, and thus the calculation of conduct credit applicable to his sentence for this offense could be subject to the version of the statute that was effective up until September 28, 2010. The other offenses took place between January and May of 2011, and thus the version that was effective from September 28, 2010 until September 30, 2011, governs as to these offenses. However, under both versions, as discussed above, Fonseca was entitled to one-for-two credits because he was required to register as a sex offender. (Former § 4019, subds. (b)(2) & (c)(2), Stats. 2009, 3d Ex. Sess. 2009–2010, ch. 28, § 50; former § 2933, subd. (e), Stats. 2010, ch. 426, § 1.) The Attorney General correctly concedes that the one-for-two formula should have been applied.

Rather than applying the one-for-two formula, however, the trial court concluded that Fonseca was entitled to only 15 percent of conduct credit under section 2933.1, which provides for a 15 percent formula for any person who is convicted of a felony offense listed in subdivision (c) of section 667.5. (§ 2933.1, subds. (a)-(c).) The prosecutor and the defense advised the court that some of the offenses for which Fonseca was convicted constituted violent felonies pursuant to section 667.5. As both parties acknowledge on appeal, they were incorrect. Fonseca was not convicted of a crime that constitutes a "violent felony" under section 667.5. Therefore, the court should not have applied the 15 percent formula in determining his conduct credit. (See *People v. Brewer* (2011) 192 Cal.App.4th

6

457, 460.)  Under the one-for-two formula that should have been applied, Fonseca was eligible for 18 days of conduct custody.

Accordingly, the judgment is modified to reflect that Fonseca has earned 39 days of custody credit and 18 days of conduct credit.

III.    *Itemization of Penalty Assessments*

Fonseca contends and the Attorney General concedes that this case must be remanded to the trial court so that it may specify in the abstract of judgment the statutory bases for the imposition of all fines and fees.  We agree.

The trial court orally pronounced that it was imposing a $300 sex offender fine under section 290.3, subdivision (a), plus unspecified penalty assessments. The minute order and abstract of judgment reflect that penalty assessments in the amount of $840, plus a 20 percent surcharge in the amount of $60, were imposed. Neither the minute order nor the abstract of judgment describes the statutory basis for imposing the $840 penalty assessments plus $60 surcharge.

"In Los Angeles County, trial courts frequently orally impose the penalties and surcharge . . . by a shorthand reference to 'penalty assessments.'  The responsibility then falls to the trial court clerk to specify the penalties and surcharge in appropriate amounts in the minutes and, more importantly, the abstract of judgment.  This is an acceptable practice." (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864.)  Ultimately, however, the abstract of judgment must "separately list, with the statutory basis, all fines, fees and penalties imposed on each count." (*People v. High* (2004) 119 Cal.App.4th 1192, 1201 (*High*).)  The *High* court explained:  "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts.  All fines and fees must be set forth in the abstract of

7

judgment. [Citations.] . . . If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.] At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.] Thus, even where the Department of Corrections has no statutory obligation to collect a particular fee . . . , the fee must be included in the abstract of judgment." (*High, supra*, 119 Cal.App.4th at p. 1200; see *People v. Eddards* (2008) 162 Cal.App.4th 712, 718.) The *High* court remanded the case with directions to amend the abstract of judgment to "separately list, with the statutory basis, all fines, fees and penalties imposed on each count." (*High, supra*, 119 Cal.App.4th at p. 1201.)

Remand is similarly necessary here. Neither the oral pronouncement of judgment, the sentencing minute order, nor the abstract of judgment specifies the statutory basis for the penalty assessments and surcharge. Although the amount of the penalty assessment appears to have been correctly calculated by reference to the formula applied in *People v. Voit* (2011) 200 Cal.App.4th 1353, 1373-1374, the trial court must correct the abstract of judgment to separately list, with the statutory basis, all fines, fees and penalties, as well as the amount of each.

**DISPOSITION**

The judgment is modified to reflect that Fonseca is subject to a $180 court facilities assessment fee under Government Code section 70373, rather than a $240 fee, and that he has earned 57 days of presentence custody credit, consisting of 39 days in actual custody and 18 days of conduct credit. The trial court is directed to prepare an amended abstract to include the above modifications and corrections, as well as to specify the statutory basis and amount of each fine, penalty and fee, and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. The judgment is affirmed as modified.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P. J.


We concur:



MANELLA, J.



SUZUKAWA, J.

9