Filed 11/24/15  P. v. Perez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076846 |
| v. | (Super. Ct. No. 12F07587) |
| MANUEL PEREZ, | |
| Defendant and Appellant. | |

A jury convicted defendant Manuel Perez of committing lewd acts on a child under the age of 14, committing a forcible lewd act on a child under the age of 14, and solicitation to commit murder.  The trial court sentenced defendant to 75 years to life in prison plus a consecutive nine years.  The trial court also entered a no-contact order

1

of unlimited duration as to two victims and one relative without specifying the statutory authority for the order.

Defendant now contends the no-contact order was unauthorized. We will vacate the no-contact order and remand the matter to the trial court to reconsider its decision to issue postconviction orders and, if orders issue, to provide legal bases for the orders. We will affirm the judgment in all other respects.

BACKGROUND

A detailed recitation of the facts underlying defendant's offenses is unnecessary to the resolution of the issue on appeal. It is sufficient to summarize that defendant molested Jane Doe 1, a minor. He also molested Jane Doe 2, an adult at the time of trial, and threatened that she would disappear if she told anyone. Defendant solicited the murder of Jane Doe 2 while he was in jail awaiting trial.

The jury convicted defendant on four counts of committing lewd acts on a child under the age of 14 (Pen. Code § 288, subd. (a)),[1] one count of committing a forcible lewd act on a child under the age of 14 (§ 288, subd. (b)(1)), and one count of solicitation to commit murder (§ 653f, subd. (b)). The jury also found the multiple victim allegation true.

The trial court sentenced defendant to an aggregate term of 75 years to life, plus a consecutive nine years. It also responded to the People's request to enter a no-contact order "out of an abundance of caution" by entering a no-contact order of unlimited duration, prohibiting defendant from contacting Jane Doe 1, Jane Doe 1's mother, or Jane Doe 2. The trial court did not refer to any particular statutory authority in entering the order.

---

[1] Undesignated statutory references are to the Penal Code.

2

DISCUSSION

Defendant contends the no-contact order must be reversed because it was issued without any statutory authority. The People respond that defendant forfeited his contention by failing to object in the trial court, and in any event, the trial court had inherent authority to issue the order.

The validity of the no-contact order is cognizable on appeal despite defendant's failure to object at sentencing. "A claim that a sentence is unauthorized . . . may be raised for the first time on appeal, and is subject to judicial correction whenever the error comes to the attention of the reviewing court. [Citations.]" (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6.) "Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. [Citation.]" (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Because defendant here is challenging the jurisdictional validity of the trial court's decision to issue an indefinite protective order at sentencing, we will consider his claim on the merits. (See *People v. Ponce* (2009) 173 Cal.App.4th 378, 381-382 (*Ponce*) [since protective order was not statutorily authorized, failure to raise issue below did not result in forfeiture].)

Statutes permit entry of protective orders under certain circumstances in a criminal case. For example, section 136.2, subdivision (i)(1) provides for a postconviction no-contact order where a defendant has been convicted of a sex offense requiring registration. Section 1201.3, subdivision (a) provides for an order prohibiting a defendant convicted of a sexual offense involving a minor victim from harassing, intimidating, or threatening the victim or the victim's family. Each section provides for a maximum duration of only 10 years, and section 1201.3, subdivision (c), requires notice.

3

Here, the trial court did not refer to any particular statutory authority when it entered its no-contact order, and its order does not fully comply with applicable authority.

The People argue that no statutory authority was required because the trial court has the inherent authority to enter no-contact orders, both for Jane Doe's mother, who was a witness in this case, and for an unlimited duration as to all three individuals. The People base their position on victim rights provisions in the California Constitution, including the right to be "free from intimidation, harassment, and abuse, throughout the criminal or juvenile justice process," "[t]o be reasonably protected from the defendant and persons acting on behalf of the defendant," and "[t]o have the safety of the victim and the victim's family considered in fixing the amount of bail and release conditions for the defendant." (Cal. Const., art. I, § 28, subd. (b)(1)-(3).) The People also analogize to the trial court's inherent authority to protect jurors once they are discharged. (*Townsel v. Superior Court* (1999) 20 Cal.4th 1084, 1091.)

In *Ponce, supra,* 173 Cal.App.4th 378, the People argued that trial courts, independent of statute, have inherent authority to issue appropriate protective orders to protect trial participants. (*Ponce*, *supra*, 173 Cal.App.4th at pp. 383-384.) The court acknowledged that inherent authority exists, but also pointed to the existing body of statutory law governing restraining orders. (*Id*. at p. 384.) The court ruled that inherent power should never be exercised to nullify existing legislation. (*Ibid.*) "Where the Legislature authorizes a specific variety of available procedures, the courts should use them and should normally refrain from exercising their inherent powers to invent alternatives." (*Ibid*.)

We are persuaded by the reasoning in *Ponce*, and conclude the trial court in this case should refrain from exercising its inherent authority to invent unecessary alternatives. (*Ponce*, *supra*, 173 Cal.App.4th at p. 384.)

## DISPOSITION

The no-contact order imposed at the June 27, 2014, sentencing hearing is vacated and the matter is remanded to the trial court to reconsider its decision to issue postconviction orders and, if orders issue, to provide legal bases for the orders. The judgment is affirmed in all other respects.

_____/S/_____
Mauro, J.

We concur:


_____/S/_____
Blease, Acting P. J.


_____/S/_____
Duarte, J.