Filed 3/30/16  P. v. Dotson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TYRONE CRAIG DOTSON,<br><br>    Defendant and Appellant. | B262819<br><br>(Los Angeles County<br>Super. Ct. No. YA022360) |

THE COURT:*

Defendant and appellant Tyrone Craig Dotson (defendant) appeals from the order denying his petition for resentencing under the provisions of Proposition 47.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On January 11, 2016, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, including the augmentation, and finding no arguable issues, affirm the order.

_____

\*      BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

In 1995, defendant was convicted of one count of first degree residential burglary, a violation of Penal Code section 459.**1** The trial court found true the allegation that defendant had suffered four prior serious felony convictions: residential burglary in 1981, voluntary manslaughter in 1983, attempted murder in 1986, and another residential burglary in 1986.**2** The court initially sentenced defendant to 26 years to life in prison. In 1998, after the matter was remanded for resentencing, the trial court imposed a third-strike sentence of 25 years to life under section 667, subdivisions (b) through (i), plus a total consecutive 20-year term under section 667, subdivision (a). On December 29, 2014, defendant filed a petition for resentencing under Proposition 47, seeking to have his sentence recalled and the offense reduced to a misdemeanor. At a hearing held on December 30, 2014, the court denied the motion, finding that defendant's convictions were ineligible for relief under Proposition 47. On March 16, 2015, defendant filed a notice of appeal from the denial of his resentencing petition, along with a request for relief from default.

Proposition 47 enacted section 1170.18, which provides in relevant part: "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." As none of the listed sections apply to the crime of first degree burglary, we conclude that defendant is not eligible for resentencing.

---

**1**    All further statutory references are to the Penal Code unless otherwise indicated.

**2**    The record on appeal is abbreviated and does not include the trial court's findings upon trial of the prior convictions. Thus, for purposes of clarity, we summarize these procedural facts from the California Supreme Court's opinion in *People v. Dotson* (1997) 16 Cal.4th 547, 550-551, in which the court directed the Court of Appeal to remand for resentencing.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issue exists.  We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The order denying the petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.