Filed 9/28/21  P. v. Cadena CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B307086 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA056822) |
| v. | |
| VICTOR JAVIER CADENA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Patrick Connolly, Judge.  Affirmed in part, reversed in part, and remanded.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2001, a jury found defendant and appellant Victor Javier Cadena guilty of one count of murder (Pen. Code, § 187, subd. (a); count 1)[1] and 10 counts of second degree robbery (§ 211; counts 2–5, 15–17 & 50–52). (*People v. Olvera* (Nov. 2, 2005, B154139) [nonpub. opn.], p. 2 (*Olvera*).) The jury also found true various firearm enhancement allegations. (§§ 12022, subd. (a)(1), 12022.53, subd. (b); *Olvera, supra*, B154139, at p. 2.) The trial court sentenced defendant to serve 66 years to life in state prison. We affirmed the judgment on direct appeal. (*Olvera*, at p. 19.)

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95. The trial court granted the petition, vacated the murder conviction on count 1, and resentenced defendant to an aggregate term of 36 years on the remaining counts.

Appealing from his resentencing, defendant argues that (1) he is entitled to a juvenile transfer hearing pursuant to Proposition 57, (2) the trial court failed to exercise its discretion as to the firearm enhancements, and (3) the fees and fines imposed should be stricken pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157. Defendant acknowledges that his counsel below failed to request a juvenile transfer hearing, move to dismiss the firearm enhancements, or object to the fines and fees, but he contends that these failures constituted ineffective assistance of counsel.

We do not reach the merits of defendant's arguments. That is because the matter must be remanded for resentencing regardless to correct an unauthorized sentence on count 2. (See *People v. Lua* (2017) 10 Cal.App.5th 1004, 1021 [appellate court's

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

conclusion that remand for resentencing was required rendered moot other arguments raised on appeal regarding the sentence].)

As to count 2, the trial court sentenced defendant to eight months (excluding enhancements), which it explained was one-third of the middle term. Given that (1) one-third of the middle term of second degree robbery is one year (see § 213, subd. (a)(2) ["Robbery of the second degree is punishable by imprisonment in the state prison for two, three, or five years"]), (2) the trial court stated that count 2 "was not a robbery," and (3) the abstract of judgment lists count 2 as "Attmpt [*sic*] 2nd Degree Robbery[,]" it is apparent that the trial court erroneously sentenced defendant as if he had been convicted of *attempted* robbery (§§ 664, 211) on count 2 instead of second degree robbery (§ 211).[2]

Because defendant was sentenced on count 2 for the wrong crime, the sentence is unauthorized and cannot stand. (See *People v. Scott* (1994) 9 Cal.4th 331, 354 ["a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case"]; *People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6 ["A claim that a sentence is unauthorized . . . is subject to judicial correction whenever the error comes to the attention of the reviewing court"]; *People v. Delgado* (2010) 181 Cal.App.4th 839, 854 (*Delgado*) [an appellate

---

[2] In the original information filed on September 5, 2000, defendant was indeed charged with attempted second degree robbery (§§ 664, 211). In the amended information filed on June 5, 2001, count 2 was changed to second degree robbery (§ 211). The verdict form for count 2 states, in relevant part: "We the jury in the above entitled action find the defendant VICTOR CADENA[] GUILTY of the crime of Second Degree Robbery, upon Juan Saavedra, in violation of Penal Code Section 211, a felony, as charged in Count 2 of the information."

3

court "may set aside an unauthorized sentence so a proper sentence may be imposed, even if the new sentence is harsher"].)

We therefore remand for resentencing. (See *Delgado*, *supra*, 181 Cal.App.4th at p. 855.) On remand, defendant may raise for the first time in the trial court his arguments that (1) he is entitled to a juvenile transfer hearing, (2) the trial court should exercise its discretion regarding whether to dismiss the firearm enhancements, and (3) fees and fines should not be imposed. We express no opinion as to how the trial court should rule on these matters in the first instance.

## DISPOSITION

The sentence is reversed, and the matter is remanded to the trial court for resentencing. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

4