Filed 12/5/14  P. v. Barnes CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JOHNNIE LEE BARNES,

    Defendant and Appellant.

E059450

(Super.Ct.No. RIF1205253)

OPINION

APPEAL from the Superior Court of Riverside County.  Becky L. Dugan, Judge.

Affirmed.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Johnnie Barnes is serving nine years and four months in prison after pleading no contest to two counts of robbery and admitting a parole violation.  Defendant

1

challenges a total of $70[1] in fees and assessments that the court clerk included in the minute order and abstract of judgment, but which the trial court did not orally impose at sentencing. As discussed below, we affirm the fees as set forth in the abstract of judgment.

## FACTS AND PROCEDURE

On the morning of August 10, 2012, defendant took a cab to a grocery store, where he simulated having a gun and forced a manager to open a cash register and give him approximately $400 in cash. He then took a cab to a discount store, where he again simulated having a gun and took approximately $500 from a cash register.

On August 14, 2012, the People filed a combined felony complaint, in case No. RIF1205253, and petition to violate probation, in case No. RIF1204890. The complaint alleged defendant committed two counts of robbery (Pen. Code, § 211), both on August 10, 2012, that he had two prior strike offenses from a single date in 2001 (Wash. Pen. Code, §§ 9A.56.190 & 9A.52.025), and that he violated his probation in case No. RIF1204890.

On August 8, 2013, defendant pled no contest to the robbery charges, admitted the two prior strike offenses, and admitted to violating his probation. The court exercised its

---

[1] Defendant purported to challenge an additional $700 in fines, fees and assessments similarly included in the minute order and abstract of judgment but not orally imposed by the sentencing court regarding the probation violation, in case No. RIF1204890. However, in an order filed August 25, 2014, this court ruled that "Because no timely notice of appeal has been filed from case No. RIF1204890 and there is insufficient evidence in the record on appeal to deem the notice of appeal filed August

*[footnote continued on next page]*

2

discretion to dismiss one of the two prior strike offenses. On August 13, 2013, the court sentenced defendant to the middle term of three years for the first robbery and one year for the second robbery, doubled to a total of eight years for the prior strike offense, plus eight months for the violation of parole, doubled to 16 months for the prior strike offense, for a total prison commitment of nine years and four months. The court also imposed a $280 restitution fine, a $280 parole revocation fine, a $40 court security fee (Pen. Code, § 1465.8), and a $30 criminal conviction assessment fee (Gov. Code, § 70373). The minute order for that day reflects a court security fee of $80, at $40 per convicted charge, and a $60 criminal assessment fee, at $30 per convicted charge. The $80 and $60 fees are also included in the abstract of judgment. This appeal followed.

### DISCUSSION

Defendant argues the court security fee and the criminal conviction assessment fee should be corrected in the minute order and abstract of judgment to reflect the trial court's oral pronouncement of $40 and $30, respectively. The People counter that the sentencing court was required by law to have imposed a $40 court security fee per conviction and a $30 criminal conviction assessment fee per conviction, and thus the abstract of judgment need not be corrected.

Penal Code section 1465.8, subdivision (a)(1), provides that "an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense, including

_[footnote continued from previous page]_
16, 2013, to have been constructively filed in case No. RIF1204890, this appeal will be LIMITED to review of the issues in case No. RIF1205253."

3

a traffic offense," except for certain parking offenses or local ordinances. Because defendant was convicted of two crimes, the mandatory court security fee is $80.

According to the reporter's transcript of the sentencing hearing, the court orally imposed a $40 court security fee. The minute order regarding the hearing and the abstract of judgment, however, state that the court security fee is $80. Defendant contends we should direct the court to prepare a corrected abstract of judgment and reduce the fee to $40 to reflect the court's oral pronouncement of the fee. We reject this argument.

Generally, as defendant points out, when there is a discrepancy between a court's oral pronouncement of sentence and the court's minute order or the abstract of judgment, the oral pronouncement will control. (See, e.g., *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Mesa* (1975) 14 Cal.3d 466, 471.) However, the trial court "'has a duty to determine and impose the punishment prescribed by law.' [Citations.]" (*People v. Woods* (2010) 191 Cal.App.4th 269, 273 (*Woods*).) If the sentence imposed by the court is unauthorized, it "is subject to judicial correction whenever the error comes to the attention of the reviewing court." (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6.) It follows that, notwithstanding the general rule concerning discrepancies between an oral pronouncement and a minute order or abstract of judgment, an oral pronouncement of an unauthorized sentence does not control over a correct, mandatory sentence reflected in the minute order and abstract of judgment.

The amount of the security fee mandated by Penal Code section 1465.8 is not subject to the trial court's discretion; it is $40 per conviction. (Pen. Code, § 1465.8, subd.

(a)(1); *Woods*, *supra*, 191 Cal.App.4th at p. 273.)  Here, if the court did not announce the correct amount of the fee at the sentencing hearing, the amount was corrected in the court's minute order and abstract of judgment.  There is nothing further to be done.

Further, like a court security fee, a criminal conviction assessment fee is mandatory.  (*Woods*, *supra*, 191 Cal.App.4th at pp. 269, 272.)  "To ensure and maintain adequate funding for court facilities, and assessment shall be imposed on every conviction for a criminal offense . . . .  The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony . . . ."  (Gov. Code, § 70373, subd. (a)(1).)  The same reasoning and outcome apply to the criminal conviction assessment fee as to the court security fee.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT<br>J.*

We concur:

RAMIREZ
         P. J.

MILLER
         J.

_____

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.