Filed 2/22/21  P. v. Swain CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MYLES MICHAEL SWAIN,<br><br>    Defendant and Appellant. | 2d Crim. No. B303582<br>(Super. Ct. No. BA458771)<br>(Los Angeles County) |

This is the second appeal in this matter.  Myles Michael Swain appeals from the judgment entered after the trial court had resentenced him pursuant to our remand in the first appeal, (*People v. Swain* (Sept. 3, 2019, B286106) [nonpub. opn.]).  In the first appeal we affirmed appellant's judgment of conviction but remanded the matter to the trial court with directions to exercise its discretion whether to strike one or both Penal Code section

667, subdivision (a)(1) prior serious felony convictions.[1]  The trial court struck one prior conviction but not the other.

Appellant contends that the trial court abused its discretion in refusing to strike both prior convictions.  In addition, appellant claims that the court violated his constitutional rights by imposing fines and assessments without determining his ability to pay them.  The People correctly note that the trial court failed to impose the mandatory amount of assessments.  We modify the judgment to impose the mandatory amount and affirm the judgment as modified.

*Procedural Background*

In the first appeal appellant appealed from the judgment entered after a jury had convicted him of inflicting corporal injury upon his spouse with personal use of a deadly or dangerous weapon – a broomstick (§§ 273.5, subd. (a), 12022.1, subd. (b)(1)); stalking (§ 646.9, subd. (b)); two counts of felony violation of a protective court order (§ 166, subd. (c)(4)); first degree residential burglary (§§ 459, 460); and assault with a deadly weapon (§ 245, subd. (a)(1)).  The trial court found true two prior serious felony convictions (§ 667, subd. (a)(1)) and two prior "strikes" within the meaning of California's "Three Strikes" law.  (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d).)  The court dismissed the two strikes and sentenced appellant to prison for 17 years.  The sentence included a consecutive five-year term for each of the two prior serious felony convictions.  Thus, 10 years of the 17-year sentence were attributable to these prior convictions.

At the time of sentencing, the trial court did not have the power to strike prior serious felony convictions within the

_____

[1] Unless otherwise stated, all statutory references are to the Penal Code.

meaning of section 667, subdivision (a)(1). (Former §§ 667, subd. (a)(1), 1385, subd. (b).) Effective January 1, 2019, Senate Bill No. 1393 amended subdivision (a)(1) of section 667 and subdivision (b) of section 1385 to authorize the striking of these prior convictions. (Stats. 2018, ch. 1013 § 1.)

In the first appeal we accepted the People's concession that the matter should be remanded so that the trial court can exercise its discretion whether to strike the prior serious felony convictions pursuant to Senate Bill No. 1393. We affirmed the judgment in all other respects. We directed the court to resentence appellant if it decided to strike one or both prior convictions.

The trial court struck one of the two prior serious felony convictions. It imposed the same sentence that it had originally imposed less five years for the prior conviction that it had struck. Thus, appellant's aggregate sentence upon resentencing was 12 years.

*Facts*

Appellant's wife was living apart from appellant. They were "going through a marital disagreement." In May 2017 wife obtained a civil restraining order against him. One week later, appellant entered wife's apartment without her permission when she was not there. He wrote messages on the walls accusing her of adultery. Wife obtained a criminal protective order prohibiting appellant from coming to her apartment and from harassing her.

On June 19, 2017, when the criminal protective order was in effect, appellant entered wife's apartment. She had left the front door open while she was cleaning. Appellant "brought [wife] down to the floor," sat on top of her, and choked her with his hands. Wife "somewhat" lost consciousness. Appellant

3

grabbed a broomstick, put it on her chest near her collarbone, and pressed down on it.

Appellant ordered wife to go to the bedroom and remove her clothes. Wife complied with the order. Wife told appellant that she did not want to have sex with him, but he had sex with her. Wife "submitted" to his sexual advances. She was "somewhat" crying during sexual intercourse. Appellant "slapped [wife] multiple times on the face with both his hands before fleeing the apartment."

After the incident, wife called 911. She told the operator, "[M]y husband broke into my house. . . . He start[ed] choking me, he start[ed] telling me how he was going to kill me. He been torturing me about a good two and a half hours. And he took some money from me . . . ." Wife's neck was swollen and bruised.

Seven days later wife was inside her apartment and the front door was locked. Appellant "kicked the door down." Wife fled to the bathroom and locked the door. Appellant broke down the bathroom door and entered the bathroom. He punched wife in the stomach and eye and choked her. Wife walked to a fire station to get help.

*Appellant's Criminal Record*

In 1987 appellant was convicted of misdemeanor burglary. In 1988 he was convicted of residential burglary and attempted residential burglary. (These convictions are the two serious felonies.) The felonies were committed while he was on probation for the 1987 misdemeanor burglary conviction. Appellant was placed on probation for the felony convictions. He violated probation and was sentenced to prison for four years. In 1996 appellant was convicted of felony petty theft with a prior (§ 666) and sentenced to prison. In 2001 he violated parole and was

4

convicted of possession of a controlled substance. He was sentenced to prison for 32 months. After his release from prison, he violated parole several times. In 2010 appellant was again convicted of petty theft with a prior and sentenced to prison. In 2013 and 2014 he was convicted of possession of a narcotic controlled substance. In May 2017 he sustained a misdemeanor conviction for violating a domestic violence protective order. He was on probation for this conviction when he committed the present offenses.

<em>Trial Court's Ruling on Remand</em>

The judge who presided at the remand hearing was the same judge who had presided at the trial. She remembered "the rather terrifying picture that was painted by . . . [wife's] prior testimony." The court noted that "this was a very serious domestic violence case" and that appellant had "created . . . an environment of terror." On the other hand, the serious felony offenses had occurred "many years before . . . [the present] series of incidents took place." The court concluded that "12 years would be an appropriate sentence." It therefore struck one of the two prior serious felony convictions and resentenced appellant to prison for an aggregate term of 12 years.

<em>No Abuse of Discretion in Striking Only<br>One of the Two Prior Serious Felony Convictions</em>

We review for abuse of discretion the trial court's refusal to strike both prior serious felony convictions. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to

5

have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.'" [Citations.] Second, a "'decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'" [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at pp. 376-377.)

Appellant argues that the trial court abused its discretion because it "failed to consider a number of . . . mitigating factors." We disagree. Although the prior serious felony convictions occurred 30 years earlier, appellant's subsequent criminal record is lengthy and includes many violations of probation and parole. There has been no "crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways. . . . Phrased otherwise, [appellant] has not [led] a 'legally blameless life' since the [1988] prior[s]." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813.)

Appellant's prior criminal record does not include convictions for crimes of violence, but his present offenses were extremely violent. They show a troubling contempt for protective orders directing him to stay away from wife. The probation report states: "Before the court is a 50-year-old male who continues to display a disrespect for the rule of law. In this instance, his violent conduct could have easily resulted in the loss of life. His refusal to comply with the court's orders with regard to domestic violence puts the victim at risk of serious harm."

6

*Imposition of Erroneous Assessments*

When appellant was originally sentenced, the trial court ordered him to pay a restitution fine of $300 (the minimum fine – see § 1202.4, subd. (b)(1)), a court operations assessment of $40, and a court facilities assessment of $30. At the resentencing hearing, the court did not mention the fine and assessments. But the court's minute order shows that appellant was ordered to pay a restitution fine of $300, a court operations assessment of $40, and a court facilities assessment of $30.

The People note that the calculation of the two assessments is erroneous. Section 1465.8, subdivision (a)(1) provides, "To assist in funding court operations, an assessment of forty dollars ($40) *shall* be imposed on *every conviction* for a criminal offense . . . ." (Italics added.) Since appellant was convicted of six criminal offenses, the total court operations assessment should be $240, not $40.

Government Code section 70373, subdivision (a)(1) provides: "To ensure and maintain adequate funding for court facilities, an assessment *shall* be imposed on *every conviction* for a criminal offense . . . . The assessment *shall* be imposed in the amount of thirty dollars ($30) for *each* misdemeanor or felony . . . ." (Italics added.) Thus, the total court facilities assessment should be $180 ($30 x 6 convictions = $180), not $30.

The assessments are mandatory. (See *People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1328.) "Because the . . . assessments are mandatory, this court is empowered to order defendant to pay them even though the People made no objection in the trial court." (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413; see also *People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6 ["A claim that a sentence is unauthorized . . . may be raised for

7

the first time on appeal, and is subject to judicial correction whenever the error comes to the attention of the reviewing court"].) We therefore modify the judgment to impose a court operations assessment of $240 and a court facilities assessment of $180.

*Imposition of Assessments and Restitution Fine Absent Hearing to Determine Appellant's Ability to Pay*

Appellant claims: "The record does not support a reasonable inference that Appellant had, or would have in the foreseeable future, the ability to pay fines, fees, and assessments. Therefore, the imposition of these violate due process, or in the alternative, the excess fines clause of the Eighth Amendment, and should be stricken unless and until the trial court holds an ability to pay hearing and finds Appellant has the present ability to pay."

Appellant relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157. There, the "court held it violated due process . . . to impose a court operations assessment as required by Penal Code section 1465.8 or the court facilities assessment mandated by Government Code section 70373 . . . without first determining the convicted defendant's ability to pay."[2] (*People v. Castellano* (2019) 33 Cal.App.5th 485, 488-489.)

---

[2] "Since *Dueñas*, some courts have criticized *Dueñas*'s due process analysis and have declined to follow it. . . . [¶] The California Supreme Court will resolve the split in authority, having granted review of the issues presented by *Dueñas* in [*People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844]. The [Supreme] [C]ourt will decide whether courts must 'consider a defendant's ability to pay before imposing or executing fines, fees, and assessments,' and if so, 'which party

"""Ability to pay does not necessarily require existing employment or cash on hand." [Citation.] "[I]n determining whether a defendant has the ability to pay a restitution fine, the court is not limited to considering a defendant's *present* ability but may consider a defendant's ability to pay in the future." [Citation.] This include[s] the defendant's ability to obtain prison wages . . . . [Citation.]' [Citations.]" (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1076.) "'Prison wages range from $12 to $56 per month, depending on the prisoner's skill level.' [Citations.]" (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1060.)

In view of appellant's 12-year prison sentence, it is reasonable to infer that he will earn sufficient prison wages to pay the restitution fine of $300 and the total assessments of $420. There is no evidence that appellant is disabled or otherwise unable to perform prison work. Accordingly, the omission of a hearing on appellant's ability to pay did not violate his constitutional rights.

*Domestic Violence Fund Fee*

Pursuant to Penal Code section 1203.097, the trial court imposed a $400 domestic violence fund fee. In a letter to the trial court, appellant's counsel noted that the fee is authorized only "if the defendant is granted probation." (§ 1203.097, subd. (a).) Since appellant had been sentenced to prison, counsel requested that the court strike the fee.

In a minute order the trial court responded as follows: "The court declines to [strike the fee]. While counsel is correct that Penal Code §1203.097 authorizes a $400 domestic violence

---

bears the burden of proof regarding defendant's inability to pay.'" (*People v. Taylor* (2019) 43 Cal.App.5th 390, 398.)

9

fund fee in cases of probation, counsel fails to note that the Penal Code section which defendant was found to have violated, Penal Code §273.5, authorizes a fine of up to $6,000 in addition to any prison or jail time imposed.  [¶] . . . [T]he clerk is directed to amend the judgment to reflect a fine of $400 pursuant to Penal Code §273.5(a)."

Appellant discusses the trial court's order in a supplemental brief.  His argument consists of a single sentence: "If this court finds the trial court was authorized to do [*sic*] convert the fee to a fine, appellant asserts the court failed to determine his ability to pay as required by due process or in the alternative the Eighth Amendment as set forth in section I of appellant's opening brief which is hereby incorporated by reference."

Appellant does not contend that the conversion of the fee to a fine was unauthorized.  Nor does he present any analysis or cite authorities concerning the trial court's power to make the conversion.  Accordingly, this issue is forfeited.  The "court's judgment is presumed to be correct, and it is appellant's burden to affirmatively show error.  [Citation.]  To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority . . . .  [Citations.]  When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.'"  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

For the reasons discussed in the preceding section of this opinion, the imposition of the $400 fine without a determination of appellant's ability to pay did not violate due process or the Eighth amendment.

*Disposition*

The judgment imposed upon resentencing, as amended by the trial court, is modified to show a total court facilities assessment of $180 (Gov. Code § 70373, subd. (a)(1)) and a total court operations assessment of $240 (§ 1465.8, subd. (a)(1)). As modified, the judgment is affirmed. The trial court shall prepare a corrected abstract of judgment and send a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


TANGEMAN, J.

11

Leslie A. Swain, Judge

Superior Court County of Los Angeles

_____

Ferrentino & Associates and Correen Ferrentino, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Rene Judkiewicz, Deputy Attorney General, for Plaintiff and Respondent.