Filed 4/28/22  P. v. Bell CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAJUAN ROBERT BELL,<br><br>Defendant and Appellant. | F081937<br><br>(Kern Super. Ct. No. BF123070A)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Clara M. Levers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Poochigian, Acting P. J., Detjen, J. and Smith, J.

Defendant and his codefendants robbed a casino and several of its patrons. Multiple codefendants used assault weapons, pointing them at patrons, employees and a security guard. Later, defendant and his codefendants conspired to rob the casino again but were caught and arrested.[1] Defendant and his codefendants were convicted of well over a dozen crimes in connection with these incidents.

Defendant argues the trial court abused its discretion in declining to strike his prior serious felony enhancement. (Pen. Code, § 667, subd.(a).)[2] We reject this contention and affirm.

## BACKGROUND

Defendant Jajuan Robert Bell was "convicted of four counts of second-degree robbery (counts 1–4; § 212.5, subd. (c)), six counts of assault with a semiautomatic firearm (counts 5–7, 9–11; § 245, subd. (b)), five counts of assault with an assault weapon (counts 12–14, 16–17; § 245, subd. (a)(3)), two counts of transporting an assault weapon (counts 19, 24; former § 12280, subd. (a)(1); see § 30600), two counts of participating in a criminal street gang (counts 21, 28; § 186.22, subd. (a)), one count of conspiracy to commit assault with a semiautomatic firearm (count 22; § 182, subd. (a)(1)), one count of conspiracy to commit robbery (count 23; § 182, subd. (a)(1)), and one count of carrying a loaded firearm in public by a member of a criminal street gang (count 26; former § 12031, subd. (a)(2)(C))." (*People v. Bell* (2015) 241 Cal.App.4th 315, 323 (*Bell I*), fn. removed.) Defendant was additionally convicted of two counts of possessing a firearm as a felon (counts 18 & 27; former § 12021, subd. (a)(1)). (*Ibid.*)

"The jury found that all of these crimes were committed for the benefit of, or in association with, a criminal street gang with the specific intent to promote, further, or

---

[1] A detailed statement of the facts is set forth in *Bell I*, which we incorporate by reference. (See *People v. Bell* (2020) 47 Cal.App.5th 153, 160, fn. 4 (*Bell II*).)

[2] All further statutory references are to the Penal Code unless otherwise noted.

assist in criminal conduct by gang members (§ 186.22, subd. (b)) as alleged in the indictment, except the active gang participation counts (counts 21, 28) and the single count of possessing a loaded firearm by an active street gang member (count 26). [¶] The jury also found that, as to the robbery counts, … defendant was a principal and at least one principal personally used a firearm as alleged in the indictment. (Former § 12022.53, subd. (e)(1).) The jury further found that a principal was armed during the commission of the two conspiracy counts. (Former § 12022, subd. (a).)" (*Bell I*, *supra*, 241 Cal.App.4th at p. 323, fn. omitted.) The jury found it "not true" that defendant personally used a firearm during the commission of the six counts of assault with a semiautomatic firearm and the two counts of active participation in a criminal street gang. The trial court found that the prior convictions alleged against defendant were true. (*Ibid.*)

The court granted a motion for acquittal (§ 1118.1) on counts 8 and 15, which alleged assaults on victim, Robert G. A charge of vehicle theft (count 20) was dismissed pursuant to a stipulation between counsel. Another charge of vehicle theft (count 25) was dismissed on the court's motion. (*Bell I*, *supra*, 241 Cal.App.4th at p. 323, fn. 6.)

The court sentenced defendant to prison for 79 years four months. Defendant's sentence was comprised of the following: a base term of 12 years for assault with an assault weapon (count 12), doubled to 24 years due to the strike prior (§ 667, subd. (e)), plus five years for the gang enhancement (§ 186.22, subd. (b)(1)(B)), plus five years for the prior serious felony enhancement (§ 667, subd. (a).) The court imposed the following sentences for the robbery convictions (counts 1–4): four consecutive two-year terms plus four terms of three years four months for the firearm enhancements (§ 12022.53, subds. (b) & (e)(1)), plus four stayed 10-year terms for the gang enhancement (§ 186.22, subd. (b)(1)(B)), Cal. Rules of Court, rule 4.447 (rule 4.447). On counts 5, 9 and 10 (assault with a semiautomatic firearm; § 245, subd. (b)), the court imposed, then stayed (§ 654): three 9-year terms, each doubled to 18 years for the prior strike (§ 667,

subd. (e)), plus three 5-year terms for the gang enhancement. On counts 7 and 11 (assault with a semiautomatic firearm; § 245, subd. (b)), the court imposed two consecutive four-year terms, plus two consecutive one-year eight-month terms for the gang enhancements. The abstract of judgment incorrectly identifies subdivision (b)(1)(C) of section 186.22 as the applicable provision rather than subdivision (b)(1)(B). On count 13 (assault with assault weapon; § 245, subd. (a)(3)), the court imposed a consecutive five-year four-month term, plus one year eight months for the gang enhancement (§ 186.22, subd. (b)(1)(B).) On counts 14, 16, and 17, the court imposed three concurrent 12-year terms, doubled to 24 years for the prior strike (§ 667, subd. (e)), plus three concurrent five-year terms for the gang enhancement (§ 186.22, subd. (b)(1)(B).) On count 18 (possession of a firearm by a felon; § 12021, subd. (a)(1)), the court sentenced defendant to a stayed (§ 654) term of six years, plus a stayed term of four years for the gang enhancement (§ 186.22, subd. (b)(1).) On count 19 (transportation of an assault weapon; former § 12280, subd. (a)(1)), the court sentenced defendant to a stayed (§ 654) term of eight years, doubled to 16 years due to the prior strike (§ 667, subd. (e).) On count 21 (participation in a street gang; § 186.22, subd. (a)), the court sentenced defendant to a stayed (§ 654) term of three years, doubled to six years due to the prior strike (§ 667, subd. (e).) On count 22 (conspiracy to commit assault with a semiautomatic firearm; § 182, subd. (a)(1)), the court sentenced defendant to a consecutive term of four years, plus one year eight months for the gang enhancement (§ 186.22, subd. (b)(1)(B)), plus a stayed term of one year for the firearm enhancement (§ 12022, subd. (a)(1).) On count 23 (conspiracy to commit robbery; § 182, subd. (a)(1)), the court sentenced defendant to a stayed (§ 654) term of five years, doubled to 10 years due to the prior strike (§ 667, subd. (e)), plus a stayed term of 10 years for the gang enhancement and one year for the firearm enhancement (§ 12022, subd. (a)(1).) On count 24 (transporting an assault weapon; former § 12280, subd. (a)(1)), the court sentenced defendant to a concurrent term of eight years, doubled to 16 years due to the prior strike (§ 667, subd. (e)), plus a

4.

concurrent term of four years for the gang enhancement (§ 186.22, subd. (b)(1)), stayed pursuant to section 654.  On counts 26 (§ 12031, subd. (a)(2)(C)), 27 (§ 12021, subd. (a)(1)) and 28 (§ 186.22, subd. (a)), the court sentenced defendant to three stayed (§ 654) terms of three years, doubled to six years for the prior strike (§ 667, subd. (e)).  (*Bell I*, *supra*, 241 Cal.App.4th at p. 324, fn. 8.)

Defendant and his codefendants appealed.  In *Bell I*, we reversed defendant's conviction on count 22 (conspiracy to commit assault with a deadly weapon) for insufficient evidence.  We also conditionally reversed the judgment because the trial court applied an incorrect standard for determining whether defendants' pleas of once in jeopardy could be resolved by a court rather than a jury.  (See *Bell I*, *supra*, 241 Cal.App.4th at pp. 359–362.)  We permitted that, on remand, the prosecution could move to strike defendants' pleas of once in jeopardy.  (*Id* at p. 361.)  If the court granted such a motion, it would reinstate defendant's convictions (except as to count 22).  (*Ibid*.)

On remand, the prosecution did move to strike defendants' jeopardy pleas.  After limited discovery and a hearing at which the court accepted testimony, the court granted the prosecution's motion to strike.  (*Bell II*, *supra*, 47 Cal.App.5th at p. 161.)  The court resentenced defendant to a total term of 73 years eight months.  (*Ibid*.)  Defendant again appealed.

In *Bell II*, we affirmed the court's granting of the prosecution's motion to strike but remanded for the court to consider how it would like to exercise the discretion granted by two newly enacted laws: Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620) and Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill 1393).  (*Bell II*, *supra*, 47 Cal.App.5th at p. 200.)

**FACTS**

On remand from *Bell II*, the defense filed a resentencing memorandum. Defendant requested the court strike his prior serious felony enhancement because it was based on the same prior conviction that had been used to trigger double punishment under

the "Three Strikes" law. He argued, "Using the same conviction for two distinct sentencing enhancements results in an unnecessary 'stacking.' "

The prosecution filed a sentencing statement opposing any striking of the prior serious felony enhancement as that would "not be in the interests of justice."

At resentencing, the court declined to strike defendant's prior serious felony enhancement under section 667, subdivision (a), but decided not to "impos[e]" the firearm enhancements (§ 12022.53, subds.(b) & (e)(1)) as to counts 2, 3, and 4.

The court stated, "I think it's fair to say that [defendant] was the leader and the planner and the executor of the crimes. It is also fair to say that the jury did not find that [defendant] was personally armed at the time. The sentence for [defendant] is quite long and I believe to be appropriate given the actions and the charges." After pronouncing sentence, the court reiterated, "This sentence is long. It is well deserved. It is commensurate with the actions of the defendant. It does not put the public in jeopardy and I believe it is appropriate."

The court's sentencing decisions effected a 10-year reduction from defendant's prior sentence, resulting in an aggregate prison term of 63 years eight months. Defendant appeals again.

## DISCUSSION

Defendant argues on appeal that the court abused its discretion in declining to strike the prior serious felony enhancement.

The parties agree that abuse of discretion is the applicable standard of review. "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citation.] Second, a ' "decision will not be reversed merely because

reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

Defendant observes that the prior conviction, which was a second strike, was used to double his base and consecutive terms. This resulted in an extra 22 years eight months compared to what his aggregate prison term would otherwise have been. He contends it was an abuse of discretion to then use the same prior conviction to impose an additional five-year prior serious felony enhancement.

Defendant draws an analogy to section 654, which prohibits double punishment of a single act or omission that is punishable in different ways by different provisions of law. He also contends that the rationale behind cases like *People v. Dotson* (1997) 16 Cal.4th 547 (*Dotson*) – which uphold simultaneous imposition of increased punishment under the Three Strikes law and a prior serious felony enhancement – have been undermined by subsequent enactments.[3]

---

[3] *Dotson* observed there is a "significant distinction" between the Three Strikes law and section 667, subdivision (a). (*Dotson*, *supra*, 16 Cal.4th at p. 555.) Specifically, that "the current felony need not be 'serious' for the three strikes law to apply" whereas section 667, subdivision (a) is only triggered by a serious felony. (*Ibid.*) As defendant notes, the Three Strikes law has changed on this point since *Dotson*.

However, we note that *Dotson* first and foremost relied on the statutory language requiring increased punishment " 'in addition to any other enhancements or punishment provisions' " that may apply. (*Dotson*, *supra*, 16 Cal.4th at p. 554, citing 1170.12, subd. (c); see also § 667, subd. (e).) The Supreme Court later described *Dotson* as having "relied largely" on this statutory language. (*People v. Acosta* (2002) 29 Cal.4th 105, 130.) Only after relying on the statutory language, did *Dotson* observe that "[m]oreover" there are distinctions between the Three Strikes law and section 667, subdivision (a). This point was, at best, a secondary rationale supporting *Dotson's* holding. While this secondary rationale has arguably been impacted by subsequent enactments, the primary rationale remains intact. In any event, as defendant notes, "the *Dotson* rule has not been reconsidered."

However, defendant acknowledges that section 654 does not apply to status enhancements relating to the nature of the offender (*People v. Coronado* (1995) 12 Cal.4th 145, 158–159) and acknowledges that "the *Dotson* rule has not been reconsidered."**4** (See *People v. Acosta*, *supra*, 29 Cal.4th at p. 139, fn. 4 (conc. & dis. opn. of Kennard, J.).)

We find defendant's analogies and other contentions unhelpful because at the end of the day, the sentencing court remained free to make a "subjective determination of the value of a case and the appropriate aggregate sentence, based on the judge's experiences with prior cases and the record in the defendant's case."**5** (*People v. Castaneda* (1999) 75 Cal.App.4th 611, 614.) Here, the sentencing court made clear that it had concluded the aggregate term was commensurate with the totality of defendant's criminal actions, stating: "I think it's fair to say that [defendant] was *the leader and the planner and the executor of the crimes*. It is also fair to say that the jury did not find that [defendant] was personally armed at the time. The sentence for [defendant] is quite long and *I believe to be appropriate given the actions and the charges*." (Italics added.) Later, the court said, "This sentence is long. *It is well deserved. It is commensurate with the actions of the defendant*." (Italics added.)

We see no abuse of discretion in the court's analysis. Defendant's substantial involvement in the crimes is undisputed. The severity of the crimes is likewise undisputed, except insofar as defendant notes no one suffered physical harm during the

---

**4** We do not consider any arguments related to the California Rules of Court, which defendant addressed for the first time in his reply brief. Nor do we address the single sentence in defendant's opening brief stating, "In addition, the Double Jeopardy Clause of the Fifth Amendment protects against multiple criminal punishments for the same offense." Defendant does not sufficiently develop any double jeopardy claim. (See Cal. Rules of Court, rule 8.204(a)(1)(B) [every appellate brief must "support each point by argument"].)

**5** Defendant argues "there is no set of rules or guidelines which apply directly [to] the present issue."

incidents.  Regardless, the substantial overall *risk* of harm posed by the crimes in which defendant played a leading role justifies the lengthy sentence imposed.

## DISPOSITION

The judgment is affirmed.