Filed 11/22/24  P. v. Kim CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　v.<br><br>DAVE DAE HONG KIM,<br><br>　　Defendant and Appellant. | G062765<br><br>(Super. Ct. No. 08NF1399)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Dismissed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

In 2009, Dave Dae Hong Kim was convicted of gang-related crimes, including attempted murder. In 2020, he petitioned for resentencing

based on postjudgment legislation that eliminated one theory of liability for attempted murder. As an evidentiary hearing for the petition remained pending, Kim asserted two unrelated grounds for resentencing. At issue in this appeal is the trial court's ruling on what Kim styled as a "motion for reconsideration" (capitalization omitted).

As he did in that motion, Kim claims in this court that he is entitled to resentencing because (1) in 2018, the secretary of the Department of Corrections and Rehabilitation (CDCR) recommended his sentence to be recalled, and (2) the trial court imposed a sentencing enhancement that was unauthorized because it had not been properly pleaded in the 2008 information that charged Kim.

We agree with the Attorney General that Kim has not carried his burden to demonstrate an appealable postjudgment order. We dismiss the appeal.

FACTS

I.

CONVICTIONS AND FINDINGS

This matter involves a tortured postconviction procedural history. We presented a detailed summary of the facts underlying Kim's convictions in our 2010 opinion for his direct appeal from the trial court's judgment. (*People v. Kim* (Sept. 20, 2010, G042216) [nonpub. opn.] (*Kim I*).)[1] A jury

---

[1] In March 2008, then 16-year-old Kim and one or two other individuals attacked a group of people at a park with weapons. Kim was charged with willful, deliberate, and premeditated attempted murder (count 1), aggravated assault (count 2), felony vandalism (count 3), and active participation in a criminal street gang (count 4). Immaterial to this appeal, Kim's trial involved the doctrine of natural and probable consequences.

2

convicted Kim of all counts charged and found true all sentencing enhancement allegations. (Pen. Code, § 12022.7, subd. (a) [great bodily injury for count 1]; Pen. Code, § 186.2, subd. (b)(1) ["for the benefit of, at the direction of, or in association with a criminal street gang" for counts 1 through 3].)[2]

## II.

### INITIAL SENTENCE, DIRECT APPEAL, AND DIRECTIONS TO MODIFY JUDGMENT

The aggregate prison term initially imposed was 28 years to life. In 2010, following Kim's direct appeal, this court ordered that the abstract of judgment be corrected to strike a 10-year gang enhancement imposed under section 186.22, subdivision (b)(1)(C), because it was superseded by section 186.22, subdivision (b)(5)'s 15-year minimum parole eligibility enhancement that also was imposed on Kim's premeditated attempted murder conviction. (*Kim I, supra*, G042216 [applying section 654's bar on double punishment].) The trial court (Judge W. Michael Hayes) subsequently struck the 10-year enhancement, but failed to correct the abstract of judgment. Specific to Kim's arguments here, the amended abstract for Kim's determinate sentence failed to acknowledge the court had struck the 10-year enhancement and it erroneously reflected that Kim's sentence was 28 years to life, rather than 18 years to life.

## III.

### EVENTS FOLLOWING FINALITY OF THE JUDGMENT

In 2018, an analyst of the CDCR's Correctional Case Records Unit wrote to the trial court a one-page letter—which we quote from further below—requesting clarification for two aspects of Kim's sentence (the analyst

---

[2] Undesignated statutory references are to the Penal Code.

3

letter). The trial court scheduled a hearing on the analyst letter that was continued multiple times—either by stipulation or Kim's request—until the COVID-19 pandemic began, without the hearing being conducted.

In May 2020, Kim filed a petition for resentencing under former section 1170.95[3] (hereafter the section 1172.6 petition), unrelated to the analyst letter, based on legislation that eliminated the natural and probable consequences doctrine that had been at issue for Kim's attempted murder charge. (See Stats. 2021, ch. 551, § 2 [amending predecessor of section 1172.6 to include "attempted murder" for resentencing benefits].) After a series of appellate dispositions on the section 1172.6 petition, this case was remanded with directions to conduct further trial court proceedings on the petition. (*People v. Kim* (Aug. 5, 2022, G059338) [nonpub. opn.] (*Kim II*).)[4] As an evidentiary hearing for the section 1172.6 petition was pending, Kim waived its statutory deadline and asserted two unrelated theories for a resentencing hearing.

IV.

THE MOTION AT ISSUE IN THIS APPEAL

Kim filed the motion at issue here in April 2023. Although he styled it as a motion for reconsideration, it did not rely on any argument previously made and was in reality an independent motion to recall his sentence (the reconsideration motion). (*People v. Picklesimer* (2010)

---

[3] Section 1170.95 was subsequently renumbered to section 1172.6, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

[4] Our remand directions also addressed the need for updated abstracts of judgments.

48 Cal.4th 330, 340 ["'[t]he label given a petition . . . is not determinative'"].)[5] As noted, the reconsideration motion asserted that: (1) the analyst letter in 2018 had amounted to the CDCR secretary's recommendation that his sentence be recalled and (2) the trial court improperly imposed a sentencing enhancement based on section 186.22, subdivision (b)(5) (section 186.22(b)(5)), which had not been cited in the information that charged Kim. We discuss both theories further below.

The trial court (Judge Andre Manssourian) heard and denied the reconsideration motion in June 2023, concluding Kim had not shown he was entitled to a resentencing hearing. A few days after the hearing, Kim filed a notice of appeal.

## DISCUSSION

Kim claims he is entitled to "a new sentencing hearing" because he is serving an unauthorized sentence. The Attorney General argues, inter alia, that Kim has not presented an appealable order. (See *In re G.C.* (2020) 8 Cal.5th 1119, 1130 [appellant's burden in juvenile delinquency appeal].) Kim claims appealability based on section 1237, subdivision (b), which provides that a defendant may appeal "[f]rom any order made after judgment, affecting the substantial rights of the" defendant. For the reasons discussed

---

[5] The prior theory had been asserted in a September 2022 brief. Immaterial to this appeal, Kim moved, unsuccessfully, through that brief to transfer his case to a juvenile court to first consider whether he should be prosecuted as a juvenile or adult. Following the motion hearing, a second amended abstract of judgment for the indeterminate portion of Kim's sentence was issued, but it still incorrectly stated the "[t]otal term to be served" was "28 [y]ear(s) to [l]ife." Because of our dismissal of this appeal, we do not direct the clerk of the trial court to prepare corrected abstracts of judgment to address any existing clerical errors.

below, we agree with the Attorney General that Kim has not demonstrated appealability.

## I.

### APPEALABILITY

The governing principle is that "'"the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citations.]' [Citation.]" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) The Attorney General cites to *People v. King* (2022) 77 Cal.App.5th 629, 639 (*King*), for the general proposition that "[a] trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b). [Citations.]" Kim does not carry his burden to show the proposition does not apply to his claim of appealability.

*A. Former Section 1172.1, Subdivision (a)(1)*

Kim conclusorily argues that the analyst letter in 2018 triggered trial court jurisdiction to recall his sentence pursuant to former section 1172.1, subdivision (a)(1) (in effect through 2023). The statute authorized (and its current version still authorizes) recall by a trial court "at any time upon the recommendation of the secretary" of the CDCR. (*Ibid.*)[6]

But the analyst letter does not fit the statutory ground because the letter is not reasonably interpreted as a recommendation for recall of a sentence. It is a request for clarification and its author is plainly not the

---

[6] Immaterial to Kim's arguments, trial courts are now additionally authorized to exercise sua sponte discretion to recall sentences. (Stats. 2023, ch. 795, § 1.5 [effective 2024].)

6

secretary of the CDCR.[7] (See Cal. Code Regs., tit. 15, § 3076.1, subds. (c) & (e) [specifying initial eligibility considerations conducted by records unit before referring matter to secretary for decision]). No statutory recommendation authorized by former section 1172.1 triggered trial court jurisdiction.

## B. *The Fair Notice Doctrine*

Kim unpersuasively argues that the information filed by the prosecution in 2008 resulted in Kim "suffer[ing] an unauthorized sentence"

---

[7] As noted, the analyst letter was signed by an analyst of the CDCR's Correctional Case Records Unit. The letter's first of two requests stated the following: "The Indeterminate Abstract of Judgment reflects Count 1A, PC 664(a)/PC 187(a) Attempted Murder, as 15-years-to-life. The term level for PC §664/187(A), Attempt 1st Degree Murder is 7-to-Life. The information reflects the defendant was charged with PC 186.22(b)(1). If the Court's intent was to sentence the defendant to a 'life count' PC 186.22(b)(5) should be reflected on an Indeterminate Abstract of Judgment. Please clarify." (Underscoring omitted.) The second request referenced the dissonance between (1) the amended abstract of judgment for Kim's indeterminate sentence reflecting the striking of the initial 10-year enhancement imposed and (2) the incorrect aggregate sentence that still reflected a total term to be served that did not incorporate the strike: "The Indeterminate Abstract of Judgment, Section 11, Other Orders, reflects a total state prison sentence of 28-years-to-life. We are unclear as to how the court reached the term of 28-yeare-to-life. Per the Abstract of Judgment and Minute Order the total term reflected is 18 years. Please clarify." (Underscoring omitted.) According to the trial court's minutes, the analyst resent the same letter five months later.

7

because section 186.22(b)(5) was not explicitly cited in the information.[8] Kim's theory is unhelpful to his appealability burden and mistaken in multiple aspects. Most fundamentally, Kim's theory incorrectly conflates the unauthorized sentence doctrine with the fair notice doctrine (*People v. Anderson* (2020) 9 Cal.5th 946, 962 (*Anderson*) ["To impose unpleaded sentence enhancements is an error of a different variety" from an unauthorized sentencing error]; see *In re G.C., supra*, 8 Cal.5th at p. 1130, quoting *People v. Scott* (1994) 9 Cal.4th 331, 354 ["an unauthorized sentence . . . is a sentence that 'could not lawfully be imposed under any circumstance in the particular case'"]) and incorrectly assumes an unauthorized sentence claim establishes appealability (*In re G.C., supra*, 8 Cal.5th at p. 1130 [even nonforfeitable unauthorized sentence claim does not override timely appeal jurisdictional requirement for appellate courts]).

Kim correctly concedes he "was [objectively] eligible to be punished under" section 186.22(b)(5)'s 15-year minimum parole eligibility enhancement. This acknowledges a fundamental distinction between his claimed sentencing error and the type that is immune from *forfeiture* principles under the unauthorized sentence doctrine.

Kim's citation to caselaw on the unauthorized sentence doctrine does not help him. For example, he attempts to argue that his sentence violated the doctrine by citing to *People v. Dotson* (1997) 16 Cal.4th 547, 554, footnote 6, without discussion. The initial sentence at issue was not possible

---

[8] The information cited section 186.22, subdivision (b)(1), and not its subdivision (b)(5). The Attorney General agrees but asserts fair notice was nevertheless provided to Kim because the former subdivision's wording references the latter. Given our dismissal of this appeal, we express no opinion on the disagreement between Kim and the Attorney General on fair notice.

because of the governing sentencing statute at issue there. (*Id*. at. pp. 555, 559-560 [construing "shall be served consecutive" in section 1170.12, subd. (c)(2)(B)].) Based on those circumstances, the high court, citing *People v. Scott, supra*, 9 Cal.4th at page 354 and earlier cases, noted the unauthorized sentence claim had not been forfeited in the direct appeal from the judgment (*Dotson, supra*, 16 Cal.4th at p. 554, fn. 6).

Kim draws no support for appealability from his citations about the unauthorized sentence doctrine. (*In re G.C., supra*, 8 Cal.5th at p. 1130 [appellant did not show omitted trial court finding "result[ed] in a disposition that 'could not lawfully be imposed under any circumstance in the particular case'"].) And the true theory he presents—a claimed violation of the fair notice doctrine—also offers no support on appealability, because such a violation is forfeitable. (*Anderson, supra*, 9 Cal.5th at p. 962 [discussing *People v. Houston* (2012) 54 Cal.4th 1186]; accord *In re Vaquera* (2024) 15 Cal.5th 706, 727–728 [citing *Houston*].) Kim does not attempt to draw any parallel between facts bearing on forfeiture principles and appealability.[9]

_____

[9] Even assuming arguendo that Kim demonstrated appealability and we moved to question of whether his present challenge to the prosecution's 2008 information was forfeited, this matter's contrast to *Anderson* would guide our discretion against reaching the merits of Kim's fair notice theory. In *Anderson*, the high court discussed "clear and obvious" error established by the "express pleading requirements" for firearm sentencing enhancements at issue there. (*Anderson, supra*, 9 Cal.5th at p. 963; *id*. at p. 953 [§ 12022.53].) The high court also confirmed "there was no midtrial discussion" about the enhancements and thus concluded no other form of "timely notice of the potential sentence [the defendant] faced" occurred. (*Anderson,* at p. 963.) There are no similar undisputed points demonstrated by the record here. Based on the same general lack of settled facts, we decline Kim's invitation to treat this attempted appeal as a petition for writ of habeas corpus.

In sum, Kim fails to argue against the general proposition that "[a] trial court order denying relief that the court has no jurisdiction to grant does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (b). [Citations.]" (*King, supra*, 77 Cal.App.5th at p. 639.)[10] He has not shown appealability, and we express no opinion on his right to file a petition for writ of habeas corpus.

DISPOSITION

This appeal is dismissed.

O'LEARY, P. J.

WE CONCUR:

SANCHEZ, J.

MOTOIKE, J.

---

[10] Kim does not respond to the Attorney General's reliance on *King*, nor does Kim discuss a Court of Appeal decision that disagrees with *King*'s analysis, *People v. Codinha* (2023) 92 Cal.App.5th 976, 992, which focused on the concept of voidness to distinguish between appealable and nonappealable postjudgment orders. (*Id.* at pp. 989-990.) Because Kim does not mention *Codinha* and does not assert voidness in this matter, we express no opinion on the disagreement between *King* and *Codinha*.